UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIKRAMJEET S. BAINS, ET AL., | ) | CASE NO.1:13CV1014 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, filed on September 6, 2013, by Defendants United States of America, Janet Napolitano, Eric Holder, Jr., Alejandro Mayorkas, Mark Hansen, Kim Adams, and Karen Fitzgerald. (ECF DKT #17). For the following reasons, the Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted and the case is dismissed.

**I. FACTUAL BACKGROUND**

Plaintiff Vikramjeet Bains (Bains), a U.S. citizen, was convicted on March 29, 2007, of eighteen counts of Illegal Use of Minor in Nudity Oriented Materials and ten counts of Pandering Sexual Oriented Matter Involving a Minor, in violation of the Ohio Rev. Code §§

1

2907.323 and 2907.322 respectively. He was sentenced to two years of confinement and five years of probation.

On February 9, 2011, Bains married Manpreet Bains, a citizen of India, in Punjab India. On April 11, 2011, Bains filed a Form I-130, Immigration Petition for Alien Relative with the United States Citizenship and Immigration Services (USCIS) on behalf of his recently wedded wife. He sought to classify her as a spouse of a U.S. citizen under Section 201(b) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1151(b).

On December 13, 2012, USCIS issued a Notice of Intent to Deny (NOID) the I-130 Petition, indicating his criminal convictions triggered Section 402(a) and (b) of the Adam Walsh Child Protection and Safety Act (AWA) and 8 U.S.C. § 1154(a)(1)(A)(viii). The AWA prohibits U.S. citizens from filing visa petitions when the petitioner has been convicted of a "specified offense against a minor." The sole exception to this prohibition is if "the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed." 8 U.S.C. § 1154(a)(1)(A)(viii).

On February 8, 2007, the Associate Director of USCIS issued guidance to USCIS's Service Centers on its interpretation and implementation of the AWA titled, *Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) under the Adam Walsh Child Protection and Safety Act of 2006*. In this memorandum adjudicators are told to determine whether a petitioner has been convicted of a specified offense against a minor and, if so, whether the petitioner "poses no risk" to the beneficiary. The memorandum explains the appropriate standard for this statutory language "poses no risk," which is not

defined in the statute. 8 U.S.C. § 1154(a)(1)(A)(viii). The Associate Director states that to rebut the presumption of risk "the burden is upon the petitioner to prove, beyond any reasonable doubt" that he poses no risk to the intended adult beneficiary by providing credible and persuasive evidence of rehabilitation or any other evidence. The adjudicator must conclude, based on the evidence, that the petitioner poses no risk beyond any reasonable doubt or must deny the petition and articulate the factual basis for that determination.

On or about March 3, 2012, Plaintiffs responded to the NOID and included most of the requested evidence and some additional evidence and argument for the adjudicator to consider. On April 4, 2013, USCIS denied Bains' I-130 Petition, stating that each of his convictions "constituted a 'specified offense against a minor' as defined in the AWA" and USCIS held Bains had not met his burden of proving beyond any reasonable doubt that he posed no risk to the beneficiary. It further stated he was prohibited "as a matter of law" and is "not eligible for consideration" for a visa petition pursuant to Section 201(b) of the INA.

Bains alleges that the USCIS, in denying his Form I-130 Immigration Visa for Alien Relative, violated his substantive and procedural Due Process and Equal Protection rights. He also argues that the burden of *beyond a reasonable doubt* imposed upon him by the USCIS violates his procedural and substantive Due Process rights. Last, he argues that the denial of his Visa Petition was arbitrary and capricious pursuant to the Administrative Procedure Act (APA). Plaintiffs ask the Court to assume jurisdiction over this matter and to reverse the USCIS's decision.

## II. LAW AND ANALYSIS

**A. Legal Standard for Subject Matter Jurisdiction**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1), there are two ways the court's subject matter jurisdiction over a dispute can be attacked: facially or factually. *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack is on the complaint, where the court must accept the allegations as true, and construed in the light most favorable to the nonmoving party, see if the allegations establish a federal claim. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). For a factual attack, there is no presumption of truthfulness to the allegations. Instead, the court must weigh the conflicting evidence outside the pleadings to resolve the jurisdictional facts in dispute to decide if subject matter exists or not. *Gentek Bldg*, 491 F.3d at 330. When a defendant moves to dismiss for lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction exists." *Moir v. Greater Cleveland Reg'l Transit. Auth.*, 895 F.2d 266, 269 ( 6th Cir.1990).

      1.      **Plaintiffs Fail to Establish the Court's Subject Matter Jurisdiction to Review a Visa Petition Denial by the Secretary Because the Statute's Plain Language Divests Courts of Jurisdiction Over Discretionary Decisions**

Plaintiffs contend that Section 1252(a)(2)(B)(ii) should be read narrowly so that the Secretary's discretionary powers are limited to removal proceedings. Plaintiffs argue that the strong presumption favoring judicial review of agency action, along with statutory interpretation rules, requires the Court to narrowly construe this Section. Plaintiffs argue because the title of the section is "Denials of discretionary relief" the Secretary's discretionary power should be limited to removal proceedings associated with immigration

4

relief.  However, the Sixth District has held that "section 1252(a)(2)(B)(ii) is not limited to discretionary decisions made within the context of removal proceedings."  *CDI Info. Servs., Inc. v. Reno*, 278 F.3d 616, 620 (6th Cir. 2002).  Therefore, the Court accepts that Section 1252 is not limited as Plaintiffs argue.

In statutory construction, the Court must first look at the plain language of the statute to see whether Congress's intent is specifically stated.  "If the intent of Congress is clear, that is the end of the matter; for the court and the agency both must give effect to the unambiguously expressed intent of Congress."  *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984).  In *Beeman v. Napolitano*, the Plaintiff filed an I-129F "Petition for an Alien Fiancé" and his Petition was denied for having a "specified offense against a minor," which he appealed.  He argued the ruling was arbitrary and capricious and also violated his due process rights under the Fifth Amendment.  No. 10-cv-803, 2011 WL 1897931 at 1 (D. Or. May 17, 2011).  Plaintiff, like Bains, argued that Section 1252(a)(2)(B)(ii) should be read narrowly.  The court found the argument unconvincing, stating the "statute at issue here could not be more specific or direct: The decision whether to grant a petition to a person convicted of a specific offense against a minor is in the 'sole and unreviewable discretion' of the Secretary of Homeland Security." (*Id.* at 3).

The plain language of Section 1154(a)(1)(A)(viii)(I), by granting the Secretary "sole and unreviewable discretion," is the unambiguous intent of Congress to divest the courts of jurisdiction.  Therefore, the Court is divested of jurisdiction to review the Secretary's discretionary denial of  Bains's Visa Petition.  Accordingly, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

**B. Legal Standard for Due Process and Equal Protection Claims**

The Supreme Court has stated that the Judiciary has a very limited scope of inquiry concerning immigration legislation because the power to exclude aliens is a fundamental sovereign exercise of power, largely immune from judicial control.  *Fiallo v. Bell*, 430 U.S. 787, 792 (1977).  The Supreme Court has stated that constitutional challenges to immigration classifications are subject to a standard of review where the action must have a "facially legitimate and *bona fide* reason." (*Id.* at 794-95) (citing *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972)).  This test may be lower than rational basis.  *Bangura v. Hansen*, 434 F.3d 487, 495 (6th Cir. 2006); *But see Azizi v. Thornburgh,* 908 F.2d 1130, 1133 (2d Cir.1990) (stating that the facially legitimate and *bona fide* reason test is the same as the rational basis test).  This restricted judiciary review of substantive policy in immigration statutes stems from the Constitution, which grants Congress the power to exclude aliens.  (*Bangura*, 434 F.3d at 495).  The Sixth Circuit has held that courts must  uphold immigration statutes as long as they are "conceivably related to the achievement of a federal interest." (*Id.*) (citing *Almario v. Attorney General,* 872 F.2d 147, 152 (6th Cir.1989)) (denying equal protection claim that involved the "fundamental right" to marry).  Further, a statute is presumed constitutional and "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Heller v. Doe by Doe,* 509 U.S. 312, 320 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364 (1973).  Last, the Supreme Court has ordered that courts accept, under rational-basis review, a legislature's classifications even when not made with "mathematical nicety or because it results in some inequality." (*Id.*, at 321).  Concerning 8 U.S.C. § 1252(a)(2)(B)'s divestment of jurisdiction to

review the Secretary's discretionary acts, courts maintain the power to review any constitutional issues pursuant to Section 1252(a)(2)(D).

### 1. Plaintiff Fails to Establish a Substantive Due Process Right Has Been Violated

To have a substantive Due Process claim in immigration cases, Bains must allege a statute or government action that burdens a fundamental right and is not "conceivably related to the achievement of a federal interest." *Bangura*, 434 F.3d at 494-95 (quoting *Almario*, 872 F.2d at 152). The Sixth Court has held that "the Constitution does not recognize the right of a citizen spouse to have his or her alien spouse remain in this country." *Almario*, 872 F.2d at 151 (citing *Burrafato v. U.S. Dept. of State,* 523 F.2d 554, 555 (2nd Cir.1975), cert. denied 424 U.S. 910 (1976); *Bangura*, 434 F.3d at 496 (citing *Almario* and holding that the plaintiff's procedural due process claim is indistinguishable from the claim rejected in *Almario*). In *Bangura*, plaintiff filed an I-130 Spousal Immigration Petition which was denied by the INS and plaintiff challenged the denial, claiming a violation of his Due Process rights. 434 F.3d at 491-92. The court held that the denial of an immediate relative visa did not infringe upon their right to marry and, citing *Almario,* said the Constitution does not recognize the right of a citizen to have an alien spouse remain in the country. (*Id*., at 496). The Court therefore affirmed the dismissal of plaintiff's claims under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

The Court finds that Bains's constitutional right to marry is not infringed upon by denying the immediate relative visa, as he and his wife were able to be married in February of 2012. Bain cites no constitutional right that shows he has a right to have his alien spouse in the country. Therefore, Bains fails to demonstrate that the government has burdened a

fundamental right and his substantive due process claim is dismissed.

### 2. Plaintiffs Fail to Establish a Procedural Due Process Right Has Been Violated

Plaintiffs similarly fail to state a procedural Due Process claim because they fail to allege a liberty or property interest.  The Supreme Court has held that appropriate procedural safeguards must be provided before any one is deprived of life, liberty or property. *Almario*, 872 F.2d at 151.  An individual must show that the interest is one which is protected by the Constitution or created by statute.  *Id*.  Since the Sixth Circuit has held that there is no constitutional right for a U.S. citizen to reside with one's alien spouse within the country, Bains has failed to allege a constitutionally protected right or a right provided by statute.  *Id.*; *Bangura*, 434 F.3d at 496. Therefore, Bains's procedural Due Process claim is dismissed.

### 3. Bains Fails to Establish an Equal Protection Right Has Been Violated

Bains fails to establish an Equal Protection claim because his Visa Petition denial is conceivably related to the achievement of a federal interest.  "The role of the courts in analyzing an equal protection challenge to a federal immigration statute is limited to determining whether the statute at issue is conceivably related to the achievement of the federal interest." *Almario*, 872 F.2d at 152 (citing *Smith v. I.N.S.*, 684 F.Supp. 1113, 1116 (D. Mass.1988).  Bains claims USCIS violated his "equal protection rights by creating a class of people of which he is precluded from marrying and orderly pursuing his happiness; the entire female population of the world excluding U.S. citizens or lawful permanent residents." However, the statute does not prevent Bains from marrying, as he married Mrs. Bains on February 9, 2011.  The Supreme Court has held that the "conditions for entry of every alien, the particular classes of aliens that shall be denied entry altogether...have been recognized as

matters solely for the responsibility of Congress." *Fallio*, 430 U.S. at 796. The Adam Walsh Act was passed in "order to protect the public from sex offenders" (42 U.S.C. § 16901) and the public consists of aliens with visas. Further, as Defendant argues, the statute also discourages the commission of future sex crimes against minors. The statute is conceivably related to the achievement of a federal interest, protecting people from sex offenders and discouraging future offenses. Therefore, Bains' Equal Protection claim fails to state a claim for which relief can be granted.

Because Bains fails to allege a recognized constitutional right that is being infringed upon by the above statute, his substantive procedural Due Process claims, as well as his Equal Protection claims are dismissed. Accordingly Defendants' Motion to Dismiss for Failure to State a Claim is GRANTED.

### III. CONCLUSION

For all these reasons, the Court finds it lacks jurisdiction to grant the relief requested and the dismissal of the Complaint is appropriate. Further, because Bains has failed to show that a constitutional right has been violated, his procedural and substantive Due Process and Equal Protection claims are dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated: July 9, 2014